STARK and others *v.* MUELLER and others.

*(District Court, N. D. Illinois.* December 8, 1884.)

SEAMEN'S WAGES—CONTRACT—QUANTUM MERUIT.

 Where seamen ship for a voyage at a stated sum as compensation, and the voyage is broken up by disaster or peril of the sea, and no cargo is carried or freight earned, no recovery can be had for the time services were rendered by the seamen. The court cannot override the contract and award compensation to the seamen upon the *quantum meruit.*

In Admiralty.

*Wm. L. Mitchell,* for libelants.

*Schuyler & Kremer,* for respondents.

BLODGETT, J. This is a libel for wages. The libelants shipped as seamen on the schooner Ketchum, of which respondents were owners, on the twenty-sixth day of October, 1883, for a voyage from Milwaukee to Gill's pier, and from thence with a cargo of lumber to Chicago. The schooner arrived at the pier on the twenty-eighth day of October, and commenced loading, but, rough weather setting in, she hauled off from the dock, intending to ride out the storm at anchor. The storm, however, increased, and she was driven ashore on the morning of the thirty-first of October, where she afterwards became a total wreck. Libelants, by their contract, were to have $20 for the entire voyage, or round trip, from Milwaukee to Chicago. At the request of the captain of the schooner, after she had gone aground, the seamen remained at a boarding-house on shore until the underwriters sent a wrecking-tug, for the purpose of endeavoring to get her off, as the captain anticipated that their services might be wanted by the wrecking party, and they so remained in waiting at the captain's request. After the wrecking party arrived, which was about the third of November, attempts were made to get the vessel off, which proved unavailing, and it appearing from investigation that the bottom of the vessel was substantially gone, the libelants, under the direction of the wreckers, assisted in stripping her sails and other removable property from her, and when that was done they were furnished with transportation to Chicago or Milwaukee, whichever port they wished to return to, and, excepting a small amount, received no further or other compensation at the time of their discharge.

 The original libel claimed pay of the owners of the schooner for the proportion of time they served before the wreck, and from the insurance company who had issued the policy on the schooner for the time they were employed in helping the wreckers. The insurance company, after the proof was taken in the case, paid the libelants for their time from the first day of November up to the time they were discharged, when the wreck was abandoned, together with the costs of this suit up to that time; and the only question now remaining is whether anything is due libelants from the owners of the

schooner for services rendered up to the time she went ashore. The contract, as I have said, was a contract for the entire voyage, and the principle invoked by respondents is that it was a complete contract, and the court cannot divide it and give libelants any proportion of the amount they would have earned if the voyage had been consummated.

I had occasion to very fully examine this question in *Thorson* v. *Peterson*, 10 Biss. 530, S. C. 9 FED. REP. 517, and there held that in a round-trip contract by seamen nothing was earned if the voyage was broken up by peril of the sea, so that it could not be completed. This case was affirmed by his honor, Judge DRUMMOND, and is reported in 11 Biss. 497, S. C. 14 FED. REP. 742; but in his report in this case the commissioner seems to be of the opinion that the learned circuit judge did not take the same view as I did, as to whether the seamen were entitled to part pay on an unperformed voyage. I have examined Judge DRUMMOND's opinion very carefully. He does not criticise the conclusion of the district court in any particular, and I cannot see how he could have affirmed the decree of the district court without substantially agreeing with the law as applied by the district court in reference to this class of contracts.

In ordinary contracts for personal services, where the compensation is a round sum for a fixed time of employment, and the employe performs some part of his contract, works part of the time, so that the employer has the benefit of his labor, so far as it goes, it is held that the employe may recover what the service performed was reasonably worth to the employer. But I do not think this rule applicable to a contract of this character, where the completion of the contract is prevented by a peril of the sea, and through no fault of the owner of the vessel. Here the employer risked his ship, and the seamen risked their wages, for the purpose of accomplishing a given voyage. The ship encountered disaster and was lost. The voyage was broken up, and the seamen, though they have acted in entire good faith, and performed their duty as seamen up to the time the disaster intervened, cannot say they have performed their contracts so as to be entitled to their pay on any part of it. The court cannot say how long it would have taken to complete the voyage, nor how much of it was completed, nor that any benefit resulted to the owner of the vessel from their services.

The ground on which compensation is allowed for services, even where the contract is not fully performed, is that the employer has had the benefit of the work done by the employe, and should pay what it is reasonably worth to him. But this reason does not apply to a contract of this kind, where the employer has not profited by the work of the seamen. By the intervention of a cause beyond the control of either, the voyage has proved only a loss to the ship-owner, and I can, therefore, see no reason on which he should be compelled to pay for services on a contract which has not been completed, and from

which he has derived no profit. If the schooner had carried a cargo to Gill's pier, and thereby earned a freight on her outward voyage, it could then properly be said that the entire voyage was not broken up, and in such a case a court could undoubtedly award compensation to the seamen, even where their contract was for the entire voyage, out and return, on some just and equitable basis, such as the facts might require.

I therefore adhere to the rule of the district court, as stated in *Thorson* v. *Peterson*, that where seamen shipped for a voyage at a stated sum as compensation, and the voyage is broken up by disaster or peril of the sea, and no cargo is carried nor freight earned, no recovery can be had for the time services were rendered by the seamen. In other words, the court cannot override the contract and award compensation to the seamen upon the *quantum meruit*. The exceptions to the commissioner's report are therefore sustained, and the libel dismissed at the cost of libelant.